UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TERRI  L. McBRIDE,

                                Plaintiff,

v.                                       6:07-CV-0232 (NPM/GJD)

UNUM PROVIDENT, PAUL REVERE
LIFE INSURANCE COMPANY and
NORTHLAND TELEPHONE SYSTEMS,
LTD., previously known as ONEIDA
COUNTY RURAL TELEPHONE COMPANY,

                                Defendants.

----------------------------------------------------------------------------------------------------

| APPEARANCES | OF COUNSEL |
|---|---|
| OLINSKY & SHURTLIFF, LLP<br>Attorney for Plaintiff<br>One Park Place<br>300 South State Street, 5th Floor<br>Syracuse, New York  13202 | HOWARD D. OLINSKY, ESQ. |
| BOND, SCHOENECK & KING, PLLC<br>Attorney for Defendants<br>One Lincoln Center<br>Syracuse, New York  13202 | LILLIAN ABBOT PFOHL, ESQ. |
| BOND, SCHOENECK & KING, PLLC<br>Attorney for Defendants<br>One Lincoln Center<br>Syracuse, New York  13202 | JONATHAN B. FELLOWS, ESQ. |

NEAL P. McCURN, Senior U.S. District Court Judge

## MEMORANDUM - DECISION AND ORDER

This action is brought by plaintiff Terri L. McBride ("plaintiff") pursuant to

29 U.S.C. § 1001, et seq., the Employee Retirement Income Security Act of 1974,

as amended ("ERISA," or "the Act").  Plaintiff seeks an award of disability

income benefits pursuant to an employee welfare benefit plan.  The court has

jurisdiction over this matter pursuant to 29 U.S.C. § 1132(e).

Defendants Unum Provident ("Unum"), Paul Revere Life Insurance

Company ("Paul Revere"), and Northland Telephone Systems, Inc. ("Northland")

(collectively, "defendants") now move this court for a judgment on the pleadings

(the "motion") pursuant to Rule 12(c) of the Federal Rules of Civil Procedure

("Fed. R. Civ. P."), on the grounds that plaintiff's claims are untimely, or in the

alternative, that plaintiff's fiduciary claims are duplicative of her claims for

benefits, and her breach of fiduciary duty claim is barred because she seeks only

money damages, not equitable relief.  For the reasons set forth below, the

defendants' motion is granted in part and denied in part.

## I.      FACTS AND PROCEDURAL HISTORY

The following facts are taken from the complaint, and are construed as true

for the purpose of this motion.  At all times relevant to this action, plaintiff was a

New York State resident, and a participant in a long term disability plan (the

"Plan"), an employee benefit provided by Northland, her employer.  The Plan was

insured by Unum and its affiliate, Paul Revere.  On May 13, 2000, while employed

by Northland as a customer service representative, plaintiff became disabled and

unable to work because of a combination of impairments, including but not limited

to chest wall pain, neck and low back pain, pain in the right shoulder, hip, and

knee, pain in the right wrist and hand, headaches with dizziness and

lightheadedness and other conditions.

     After plaintiff became disabled and unable to work, she applied for benefits

from Unum and Paul Revere.  On or about June 6, 2001, Unum sent plaintiff a

letter denying her claim for long term disability benefits and stating that, based on

the conclusions of Unum, the restrictions placed on plaintiff's ability to work were

not based on objective findings but on subjective complaints of pain.  Therefore,

Unum opined, the plaintiff was not disabled under the Plan description of "totally"

or "partially" disabled.

     Plaintiff appealed Unum's initial determination through the carrier's

administrative process.  On September 6, 2001, Unum issued a second denial

letter, stating that plaintiff had exhausted the administrative appeals process and

that the administrative record would now be closed.  On January 31, 2006,

plaintiff's counsel sent a letter to Unum seeking to submit additional evidence and

to appeal the denial on behalf of the plaintiff.  In a letter dated February 17, 2006,

Unum reiterated that the plaintiff had exhausted all of her administrative appeals

and refused to consider any of the documentation submitted by plaintiff.  Plaintiff

filed the present action in this court on May 3, 2007.  Despite plaintiff's assertion

of only a "First Cause of Action" for "Wrongful Denial of Benefits" in her

complaint, defendants argue that plaintiff is actually pleading two counts under

this heading: a request for disability benefits along with prejudgment interest and

attorney's fees, and a claim for breach of fiduciary duty.

## II.    DISCUSSION

### A.    Motion for Judgment on the Pleadings Standard

Fed. R. Civ. P. Rule 12(c) states that "[a]fter the pleadings are closed--but

early enough not to delay trial--a party may move for judgment on the pleadings."

Id. (West 2008).  The legal standards for review  of a Rule 12(b) motion to dismiss

and a Rule 12(c) motion for judgment on the pleadings are indistinguishable. City

of New York v. Beretta U.S.A. Corp., --- F.3d ----, 2008 WL 1884167 at * 4 (2d

Cir. 2008).

The function of a motion to dismiss is "merely to assess the legal feasibility

of the complaint, not to assay the weight of the evidence which might be offered in

support thereof." <u>Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.</u>,

748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the court

must accept as true the well pleaded allegations of the complaint. <u>Albright v.</u>

<u>Oliver</u>, 510 U.S. 266, 268, 114 S.Ct. 807 (1994).  In addition, the allegations of

the complaint should be construed favorably to the pleader. <u>Scheuer v. Rhodes</u>,

416 U.S. 232, 236, 94 S.Ct 1683 (1973).  "[W]hen a complaint adequately states a

claim, it may not be dismissed based on a district court's assessment that the

plaintiff will fail to find evidentiary support for his allegations or prove his claim

to the satisfaction of the factfinder." <u>Bell Atlantic Corp. V. Twombly</u>, 127 S. Ct.

1955, 1969 n.8 (May 21, 2007).  To meet the standard of adequacy, the complaint

should contain "enough facts to state a claim to relief that is plausible on its face."

<u>Id.</u> at 1974.  "In assessing the legal sufficiency of a claim, the court may consider

those facts alleged in the complaint, as well as 'documents that the plaintiffs either

possessed or knew about and upon which they relied in bringing the suit.'" <u>Patane</u>

<u>v. Clark</u>, 508 F.3d 106, 112 (2d Cir. 2007) (quoting <u>Rothman v. Gregor</u>, 220 F.3d

81, 88 (2d Cir. 2000)).  "Documents that are attached to the complaint or

incorporated in it by reference are deemed part of the pleading and may be

considered. In addition, even if not attached or incorporated by reference, a

document upon which the complaint solely relies and which is integral to the

complaint may be considered by the court in ruling on such a motion." Roth v.

Jennings, 489 F.3d 499, 509 (2d Cir. 2007) (internal citations and quotations

omitted).  In the case at bar, defendants assert that plaintiff cites to the Plan

numerous times in her complaint, and it forms the basis for all of her claims, and

therefore may be considered by the court.  The court concurs, and will consider the

Plan in deciding the motion before it.

**B.     Analysis**

The defendants seek to dismiss plaintiff's complaint in its entirety,

contending that plaintiff's claim for benefits is untimely as it was not brought

within the three-year contractual limitations period set forth in the policy.  In

addition, defendants assert that plaintiff's claim for breach of fiduciary duty must

be dismissed because it is both untimely and duplicative of the claim for benefits.

In their reply memo dated September 14, 2007 (Doc. No. 18), defendants argue

that plaintiff's breach of fiduciary duty claim must now be deemed abandoned

because she did not address that claim in her response to the motion.

It is well-settled law that because ERISA does not prescribe a limitations

period for actions under 29 U.S.C. § 1132, "the controlling limitations period is

that specified in the most nearly analogous state limitations statute." Miles v. New

York State Teamsters Conference Pension and Retirement Fund Employee

Pension Benefit Plan, 698 F.2d 593, 598 (2d Cir. 1983) (citing Board of Regents

v. Tomanio, 446 U.S. 478, 483-84, 100 S.Ct. 1790, 1794-95 (1980).  "The Second

Circuit has held that in New York, the six-year statute of limitations of  breach of

contract claims generally governs ERISA claims for denial of benefits brought

under § 1132." Burke v. PriceWaterhouseCooper LLP Long Term Disability Plan,

537 F.Supp.2d 546, 548 (S.D.N.Y. 2008) (citing Miles, 698 F.2d at 598).  See

N.Y. C.P.L.R. § 213 (2008 McKinney).  However, "[p]arties to a contract ... may

agree on a limitations period shorter than that prescribed by statute ... [N.Y.]

C.P.L.R. § 201 explicitly permits a shorter limitations period where 'prescribed by

written agreement' N.Y. C.P.L.R. § 201. Therefore, where a benefit plan provides

a limitations period shorter than six years, ... the contractual period governs.

Burke, 537 F.Supp.2d at 548.

    In the case at bar, defendants argue, and the court concurs, that the Group

Insurance Policy issued by Paul Revere specifically incorporates a three-year

statute of limitations for bringing a claim for denial of benefits.  Under the heading

"LEGAL ACTIONS AND LIMITATIONS," the Plan states that "[n]o action at

law or equity may be brought to recover under this Policy unless proof of loss has

been filed according to the terms of this Policy.  In addition, the claimant must

wait sixty days after filing proof of loss before taking action.  If any action is

taken, it must be taken within three years from the end of the sixty day time period. If any time limit in this Policy is less than the law specifies in the state where the claimant lives at the time this Policy is issued, We extend the time limit to agree with the minimum period specified by such law." Doc. No. 12-3, PD86100.

In their motion for judgment on the pleadings, defendants neglect to mention the last line in that paragraph. Defendants also neglect to mention the paragraph contained in the Plan under the heading "WE MAY EXTEND TIME LIMITS" (Doc. No. 12-3, PD86000), which states that "[i]f the time limits that We allow for giving notice of claim or for submitting proof of loss is less than the law permits in the state where the claimant lives, We extend Our time limit to agree with the minimum period specified by law. The law must exist at the time this Policy is issued." Despite the heading stating that Paul Revere "MAY" extend time limits, the plain language of the paragraph states that "We extend Our time limit to agree with the minimum period specified by law," provided the law existed on the issue date of the policy. Id.

Here, it is uncontested that plaintiff suffered her injury and became disabled on May 13, 2000. The effective date of the long term disability benefits policy was May 1, 1996. Doc. No. 12-3. Her first denial of long term disability benefits

was issued by Unum on June 6, 2001.  The second denial was issued on September

6, 2001, with the assertion by Unum that plaintiff had exhausted all of her

administrative appeals, and that the administrative record would now be closed.

Doc. No. 1 at ¶¶ 11-13.  Plaintiff was at all times relevant to this action a resident

of the State of New York, and therefore subject to the statute of limitations period

prescribed by New York law which was in effect on the issue date of the policy.

Accordingly, the court finds that under the plain language of the policy, the

statute of limitations period for plaintiff to bring her claim was within six years

from the end of the sixty day time period.  Based on the reasons set forth supra, the

court concludes that plaintiff's March 5, 2007 filing of her action in this court was

timely.  Defendants' motion for judgment on the pleadings regarding the issue of

untimely filing will therefore be denied.

Defendants also move to dismiss plaintiff's breach of fiduciary duty claim

as a matter of law because it is, defendants argue, duplicative of her claim for

benefits.  As plaintiff did not address this segment of the motion in her

memorandum of law in opposition to the motion (Doc. No. 16), defendants now

argue that plaintiff has abandoned the breach of fiduciary duty claim.

Section 502(a)(3) of ERISA regulates civil enforcement of the Act, and sets

forth in pertinent part as follows: "(a) [p]ersons empowered to bring a civil action.

A civil action may be brought  ... (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3) (West 2008).

It is well-settled law that the equitable relief provision in § 502(a)(3) is a "catchall" provision, and acts as a "safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy ...." Varity Corp. v. Howe, 516 U.S. 489, 512, 116 S.Ct 1065 (1996).  In Varity, the Court found that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" Id. at 515.  "An example of equitable relief in this context might be an injunction enjoining an insurer from denying payment of future recurring claims ... The Supreme Court has expressed its disapproval for suits under § 502(a)(3) that seek any monetary remedy, by making a highly formalistic distinction between 'equitable restitution' and 'legal restitution.'" Fershtadt v. Verizon Communications Inc., --- F.Supp.2d ----, 2008 WL 1882670 (S.D.N.Y. 2008) (citing Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 212-13, 122 S.Ct. 708 (2002).

In the case at bar, plaintiff seeks to recover a monetary remedy in the form of benefits due her pursuant to § 502(a)(1)(B), which states in pertinent part that "[a] civil action may be brought-- (1) by a participant or beneficiary ... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B) (West 2008).  Although defendants' motion asserts that plaintiff pleaded a § 502(a)(3) claim and seeks to have said claim dismissed, the court remains unconvinced that plaintiff intended to plead a separate breach of fiduciary duty claim.  Despite using the fiduciary duty language in her Wrongful Denial of Benefits claim (Doc. No. 1, ¶¶ 20-23), and requesting what could be construed as equitable relief in the prayer for relief in her complaint, e.g., "[t]hat the Court order the defendants to continue paying plaintiff benefits until such time as she no longer qualifies for continuation of benefits" (Id.), plaintiff does not specify that she seeks relief pursuant to § 502(a)(3). Assuming arguendo that plaintiff is seeking relief pursuant to § 502(a)(3), the court finds that the breach of fiduciary duty claim is duplicative of plaintiff's claim to recover benefits, and therefore grants defendants' motion on this issue. Accordingly, the claim for breach of fiduciary duty is dismissed, and the court need not address defendants' arguments that (1) plaintiff's claim for breach of

fiduciary duty was time-barred because she had actual notice of the breach or violation pursuant to 29 U.S.C. § 1132(2); and (2) plaintiff abandoned same by not referring to it in her response to the motion.

## III.   CONCLUSION

For the reasons set forth supra, defendants' motion for judgment on the pleadings to dismiss plaintiff's action to recover benefits as untimely is hereby DENIED.  Defendants' motion is hereby GRANTED on the claim of breach of fiduciary duty.

SO ORDERED.

May 22, 2008

_____

Neal P. McCurn
Senior  U.S. District Judge