UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TERRI L. McBRIDE,

                            Plaintiff,

v.                                              6:07-CV-0232 (NPM/GJD)

UNUM PROVIDENT, PAUL REVERE
LIFE INSURANCE COMPANY and
NORTHLAND TELEPHONE SYSTEMS,
LTD., previously known as ONEIDA
COUNTY RURAL TELEPHONE COMPANY,

                            Defendants.

---

| APPEARANCES | OF COUNSEL |
|---|---|
| OLINSKY & SHURTLIFF, LLP<br>Attorney for Plaintiff<br>One Park Place<br>300 South State Street, 5th Floor<br>Syracuse, New York 13202 | HOWARD D. OLINSKY, ESQ. |
| BOND, SCHOENECK & KING, PLLC<br>Attorney for Defendants<br>One Lincoln Center<br>Syracuse, New York 13202 | LILLIAN ABBOT PFOHL, ESQ. |
| BOND, SCHOENECK & KING, PLLC<br>Attorney for Defendants<br>One Lincoln Center<br>Syracuse, New York 13202 | JONATHAN B. FELLOWS, ESQ. |

NEAL P. McCURN, Senior U.S. District Court Judge

## MEMORANDUM - DECISION AND ORDER

This action is brought by plaintiff Terri L. McBride ("plaintiff") pursuant to 29 U.S.C. § 1001, et seq., the Employee Retirement Income Security Act of 1974, as amended ("ERISA," or "the Act"). Plaintiff seeks an award of disability income benefits pursuant to an employee welfare benefit plan. The court has jurisdiction over this matter pursuant to 29 U.S.C. § 1132(e). Currently before the court is the defendants' motion to reconsider the court's decision and order dated May 22, 2008 (Doc. No. 19), granting in part and denying in part defendants' motion to dismiss (Doc. No. 12).

The decision to grant or deny a motion for reconsideration falls squarely within the discretion of the district court. See Devlin v. Transportation Communications International Union, 175 F.3d 121, 132 (2d Cir.1999). "A motion for reconsideration may be granted upon one of three possible grounds: (1) an intervening change in law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." Shannon v. Verizon New York, Inc., 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007) (citing Doe v. New York City Dept. of Social Servs., 709 F.2d 782, 789 (2d Cir.1983). "[A] motion to reconsider should not be granted where the

2

moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir.1995).

Here, the defendants are requesting reconsideration based on the need to correct a clear error of law or to prevent manifest injustice, largely because the court was not persuaded that certain language in a 1981 New York Court of Appeals case, Bargaintown, D.C., Inc., v. Bellefonte Ins. Co., 54 N.Y.2d 700 (1981) applied to the case at bar.  Defendants argue that in Bargaintown, the property loss insurance policy at issue contractually shortened the statute of limitations to one year, unless a longer period of time was provided by applicable statute.  In Bargaintown, the Court of Appeals found that the policy language did not extend the time to the six years provided for commencing a breach of contract action pursuant to CPLR § 213, and the Court of Appeals held that the one-year contractual limitation applied, affirming the dismissal of the complaint as untimely.  Bargaintown, 54 N.Y.2d at 702.  Plaintiff argues, however, that the Court of Appeals further stated that the core issue of the case, and the policy behind the holding, was to resolve the issue of whether different limitations periods applied under the insurance policy for different risks (fire, theft, water damage, etc.) by making all risks subject to the one-year period.  Doc. No. 22.

The court reviewed and considered Bargaintown, as well as the other cases

cited by defendants, in making its determination, despite not mentioning each individual case in its memorandum of decision.  The court found that the wording of the property loss insurance policy in <u>Bargaintown,</u> which stated that actions for property loss must be commenced within twelve months "unless a longer period of time is provided by applicable statute" is considerably different than the language in the case before the court.  In the case at bar, the plain language of the policy stated that "[i]f the time limits that We allow for giving notice of claim or for submitting proof of loss is less than the law permits in the state where the claimant lives, We extend Our time limit to agree with the minimum period specified by law.  The law must exist at the time this Policy is issued." Doc. No. 19 at 8.  The court concurs with plaintiff's reading of <u>Bargaintown</u>, and finds that its policy language, and the Court of Appeals' decision is not applicable to the case at bar.

Accordingly, defendants' motion for reconsideration is hereby GRANTED. However, after a thorough review of the defendants' motion and the plaintiff's memorandum of law in opposition to same, the court adheres to its previous decision.

SO ORDERED.

July 1, 2008

_____
Neal P. McCurn
Senior U.S. District Judge