UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

===============================================================================

TERRI L. McBRIDE,

                        Plaintiff,

v.                                                6:07-CV-0232 (NPM/GJD)

UNUM PROVIDENT, PAUL REVERE
LIFE INSURANCE COMPANY and
NORTHLAND TELEPHONE SYSTEMS,
LTD., previously known as ONEIDA
COUNTY RURAL TELEPHONE COMPANY,

                        Defendants.

-------------------------------------------------------------------------------------------------------

| APPEARANCES | OF COUNSEL |
|---|---|
| OLINSKY & SHURTLIFF, LLP<br>Attorneys for Plaintiff<br>One Park Place<br>300 South State Street, 5th Floor<br>Syracuse, New York 13202 | HOWARD D. OLINSKY, ESQ.<br>WILLIAM J. LAMITIE, ESQ. |
| BOND, SCHOENECK & KING, PLLC<br>AttorneyS for Defendants<br>One Lincoln Center<br>Syracuse, New York 13202 | LILLIAN ABBOT PFOHL, ESQ.<br>JONATHAN B. FELLOWS, ESQ.<br>BRIAN J. BUTLER, ESQ. |

NEAL P. McCURN, Senior U.S. District Court Judge

## MEMORANDUM - DECISION AND ORDER

      This action is brought by plaintiff Terri L. McBride ("plaintiff") pursuant to

29 U.S.C. § 1001, et seq., the Employee Retirement Income Security Act of 1974, as amended ("ERISA," or "the Act").  Plaintiff seeks an award of disability income benefits pursuant to an employee welfare benefit plan from defendants Unum Provident ("Unum"), Paul Revere Life Insurance Company ("Paul Revere") (collectively, "defendants"), and defendant Northland Telephone Systems, Inc. ("Northland").  The court has jurisdiction over this matter pursuant to 29 U.S.C. § 1132(e).  Plaintiff and defendants have filed cross motions seeking summary judgment rulings in their favor.  For the reasons set forth below, plaintiff's motion for summary judgment is denied, and defendants' motion for summary judgment is granted.

## I.     FACTS AND PROCEDURAL HISTORY

The court assumes familiarity with the facts of this case and will reiterate them only as needed for the purpose of deciding the current motions.  At all times relevant to this action, plaintiff was a New York State resident, and a participant in a long term disability plan (the "Plan"), an employee benefit provided by Northland, her employer.  The Plan was insured by defendants Unum and its wholly owned subsidiary, Paul Revere.  On May 13, 2000, while employed by Northland as a customer service representative, plaintiff was in a motor vehicle accident and became disabled and unable to work because of a combination of

impairments, including but not limited to chest wall pain, neck and low back pain, pain in the right shoulder, hip, and knee, pain in the right wrist and hand, headaches with dizziness and lightheadedness and other conditions.  After plaintiff became unable to work, she applied for benefits from defendants.  On January 4, 2001, plaintiff was injured in another motor vehicle accident and also claimed injuries resulting from that accident.

On or about June 6, 2001, defendants sent plaintiff a letter denying her claim for long term disability benefits, stating that, based on their conclusions, the restrictions placed on plaintiff's ability to work were not based on objective findings but on subjective complaints of pain.  Defendants advised plaintiff in the June 6 letter that the policy required that she be totally or partially disabled for the 180-day elimination period before she qualified for long term disability benefits, and calculated the 180-day elimination period as starting on May 13, 2000 and expiring on November 8, 2000, prior to the date of her second motor vehicle accident.  Based on a review of plaintiff's medical records, defendants concluded that plaintiff's period of disability would have only been for the six week period following plaintiff's injury on May 13, 2000.  Therefore, defendants opined, the plaintiff was not eligible for benefits and her claim for LTD benefits was denied.

Plaintiff appealed defendants' initial determination through the carrier's

administrative process.  On September 6, 2001, defendants issued a second denial letter, stating that plaintiff had exhausted the administrative appeals process and that the administrative record would now be closed.  On January 31, 2006, plaintiff's counsel sent a letter to defendants seeking to submit additional evidence and to appeal the denial on behalf of the plaintiff.  In a letter dated February 17, 2006, defendants reiterated that the plaintiff had exhausted all of her administrative appeals and refused to consider any of the documentation submitted by plaintiff.

Plaintiff filed her complaint against defendants in this court on May 5, 2007.  On August 15, 2007, defendants filed a motion to dismiss (Doc. No. 12) which was granted in part and denied in part by MDO of this court (Doc. No. 19) issued on May 22, 2008.  Defendants filed the present motion for summary judgment (Doc. No. 31) on August 28, 2008.  Plaintiff filed her cross-motion for summary judgment (Doc. No. 33) on August 31, 2009.

## II.   DISCUSSION

As a threshold issue, defendants want to revisit the issue of timeliness of plaintiff's appeal.  The court rendered an opinion on this issue on May 22, 2008 (Doc. No. 19), and issued a second decision on defendants' motion for reconsideration.  Because the court has adequate grounds upon which to decide

the cross motions, the court will not revisit the timeliness issue for a third time.

    **A.    Cross Motions for Summary Judgment**

Both plaintiff and defendants have moved for summary judgment in this matter. A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 82 (2d Cir. 2004). "[I]n assessing the record to determine whether there is a genuine issue as to a material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought[.]" See Security Ins., 391 F.3d at 83, citing Anderson V. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), citing Anderson, 477 U.S. at 250-51.

While the initial burden of demonstrating the absence of a genuine issue of material fact falls upon the moving party, once that burden is met, the non-moving

party must "set forth specific facts showing that there is a genuine issue for trial," see Koch v. Town of Brattleboro, Vermont, 287 F.3d 162, 165 (2d Cir. 2002), (citing Fed. R. Civ. P. 56(c)), by a showing sufficient to establish the existence of every element essential to the party's case, and on which that party will bear the burden of proof at trial, see Peck v. Public Serv. Mut. Ins. Co., 326 F.3d 330, 337 (2d Cir. 2003), cert. denied, 124 S.Ct. 540 (2003).

### B. ERISA Standard of Review

"ERISA does not set out the appropriate standard of review for actions challenging benefit determinations under § 1132(a)(1)(B) ... Rather, the Supreme Court has explained 'that a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.' When the plan confers upon the administrator discretionary authority to construe the terms of the plan, a District Court should examine the administrator's decision under an excess of allowable discretion standard." Knopick V. Metropolitan Life Ins. Co., --- F.Supp. ----, 2010 WL 4166772 at * 6 (N.D.N.Y. 2010) (citing Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 109 (1989); Nichols v. Prudential Ins. Co. of Am., 406 F.3d 98, 108 (2d Cir.2005). "Under the deferential standard, a court may not overturn

the administrator's denial of benefits unless its actions are found to be arbitrary and capricious, meaning 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" McCauley v. First Unum Life Ins. Co., 551 F.3d 126, 132 (2d Cir. 2008).

In an ERISA case such as the one before the court, "[p]lan trustees are entitled to deference when the terms of the plan afford them discretionary authority over benefits." Gallo v. Madera, 136 F.3d 326 (2d Cir. 1998) (citing Firestone, 489 U.S. at 109. The Supreme Court recently revisited and reiterated the reasoning behind the Firestone deference standard:

> Congress enacted ERISA to ensure that employees would receive the benefits they had earned, but Congress did not require employers to establish benefit plans in the first place. We have therefore recognized that ERISA represents a careful balancing between ensuring fair and prompt enforcement of rights under a plan and the encouragement of the creation of such plans. Congress sought to create a system that is not so complex that administrative costs, or litigation expenses, unduly discourage employers from offering ERISA plans in the first place. ERISA induces employers to offer benefits by assuring a predictable set of liabilities, under uniform standards of primary conduct and a uniform regime of ultimate remedial orders and awards when a violation has occurred.
>
> Firestone deference protects these interests and, by permitting an employer to grant primary interpretive authority over an ERISA plan to the plan administrator,

> preserves the careful balancing on which ERISA is based. Deference promotes efficiency by encouraging resolution of benefits disputes through internal administrative proceedings rather than costly litigation. It also promotes predictability, as an employer can rely on the expertise of the plan administrator rather than worry about unexpected and inaccurate plan interpretations that might result from de novo judicial review.

Conkright v. Frommert, 130 S.Ct. 1640, 1648-49 (2010) (internal quotations and citations omitted).

In the case at bar, the relevant Plan contains this so-called Firestone language, stating that the Policy provides defendants with *"full, final, binding and exclusive authority* to determine eligibility for benefits and to interpret the policy under the plan as may be necessary in order to make claims determinations." Doc. No. 31-1 at p. 46 (emphasis in original document).  After a thorough review of all the documentation submitted by the parties, the court finds that the Plan contains the requisite Firestone language which requires deference to the plan administrators.  Pursuant to the Supreme Court's decisions in Firestone and more recently in Conkright v. Frommert, the court finds that the Plan administrator's denial of benefits to the plaintiff was not arbitrary or capricious, and in fact was supported by substantial evidence.  Accordingly, plaintiff's summary judgment motion is denied, and defendants' summary judgment motion is granted.

III.     **CONCLUSION**

For the reasons set forth above, the defendants' motion for summary judgment is hereby GRANTED.  The plaintiff's motion for summary judgment is hereby DENIED.  The Clerk is instructed to close this case.

SO ORDERED.

December 23, 2010

_____
Neal P. McCurn
Senior U.S. District Judge